DAVIS v. WEBER.

(Supreme Court, Appellate Term. March 21, 1905.)

REAL ESTATE AGENTS—RIGHT TO COMMISSIONS.
    Plaintiff, engaged by defendant to sell, found no customer, but found a person who would take a lease with an option to purchase; and defendant agreed to this, and paid plaintiff a commission on the lease, and agreed to pay a commission on the sale if the option was exer-

cised. *Held*, that plaintiff was not deprived of his right to commissions from defendant for a sale on the option being exercised, because, after execution of the lease and option, he found a purchaser for the lessee, and received commissions from him therefor.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Tessie Davis, as executrix, against Lillian Weber. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

House, Grossman & Vorhaus, for appellant.
Paul Armitage, for respondent.

SCOTT, J. From the oral statement of the facts made upon the argument, the impression was conveyed that the plaintiff had been guilty of such unfair dealing as would prevent a recovery. A careful reading of the evidence has served to remove that impression. Plaintiff, a real estate broker, was employed by defendant to sell a house for the stated price of $21,000. He was unable to effect a sale, but did find a person who was willing to lease the property for the term of five years, provided the owner would give the lessee the option of purchasing the property at any time within three years from the date of the lease for $22,500. This proposition was accepted by defendant, and a lease containing the option was duly executed and recorded. The plaintiff received the customary commission upon the gross rental for negotiating the lease, and it was agreed that, in case the tenant exercised his option and bought the property, plaintiff should receive his commission for effecting the sale, less a sum representing the commission on the rent for the unexpired term of the lease. Subsequently, when the option still had about 18 months to run, plaintiff called on the lessee and asked him if he proposed to exercise his option and take the property. The lessee said that he had expected to, and that he was already offered $26,000 for the property, and requested plaintiff to see if he could find any one who would pay more. Plaintiff did find a purchaser who was willing to pay $26,500, whereupon the lessee made a contract to sell at that price, and proceeded to exercise his option, and took a deed of the property from defendant. The lessee paid plaintiff a commission for procuring the purchaser at $26,500, and the present action is for the commission on the sale to the lessee at $22,500. It is quite true that plaintiff did not accomplish the precise thing which he was employed to do, which was to find a present purchaser for the premises. What he did do was, however, accepted by defendant as being satisfactory, and, having been so accepted, entitled the broker to his commission. His right to a commission for effecting the lease became fixed at once. His right to a commission on the sale remained inchoate and contingent, to ripen into a perfected right only if and when the lessee exercised his option. After the lease was executed, the broker's obligation to his client ceased, unless, indeed, it may be considered that he still remained under some obligation to attempt to induce the lessee to purchase

the property, for it must be assumed that defendant, having given an option on the property, desired to sell it. Certainly the broker violated no duty which he owed defendant by producing to the lessee a purchaser who was willing to buy at an advance on the option price. It would have done defendant no good to have brought such a purchaser to her, since by the option she had debarred herself from selling to any one but the lessee. After the lease and option were executed, the plaintiff ceased to hold any fiduciary relation to the defendant, since he was vested with no discretion involving the rendition of any service to defendant. He certainly was not debarred from dealing as a broker with this particular piece of property, and it would have been futile to bring the new purchaser and the defendant together, because the defendant could not sell. The fact that he received a commission from the lessee upon the sale to the new purchaser does not affect the question, because that was for an entirely different contract from that in which he represented defendant.

The judgment is right, and must be affirmed, with costs. All concur.